FILED
John E. Triplett, Acting Clerk
United States District Court
By MGarcia at 9:56 am, Jun 01, 2020

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JOSEPHER J. SIBLEY, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:19-cv-166 |
| v. | * | |
| CAMDEN COUNTY JAIL, et al., | * | |
| Defendants. | * | |

### ORDER

Plaintiff filed a 42 U.S.C. § 1983 Complaint and alleged Defendants violated his constitutional rights. Dkt. No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*, which the Court granted. Dkt. Nos. 2, 3. Plaintiff consented to the collection of fees from his prison trust account. Dkt. No. 5. However, Plaintiff has now submitted a letter to the Court in which he states he sent a letter on February 3, 2020 indicating he does not consent to the collection of fees from his account and now wants his case "voided."[1] Dkt. No. 7.

The Court construes Plaintiff's letter as a motion brought under Federal Rule of Civil Procedure 41(a)(2).[2] Rule 41(a)(2)

---

[1] The Court has no record of the February 3, 2020 letter.

[2] "Courts generally 'must look beyond the labels of [filings] by *pro se* [parties] to interpret them under whatever statute would provide relief.'" Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1

AO 72A
(Rev. 8/82)

provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." Upon due consideration, the Court **GRANTS** Plaintiff's construed Motion to Dismiss his § 1983 Complaint voluntarily. The Court **DISMISSES without prejudice** Plaintiff's Complaint and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 28 day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

(S.D. Ga. Feb. 18, 2016) (quoting Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original), and citing Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning pro se inmates))); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Georgia, 618 F. App'x 610, 611-12 (11th Cir. 2015).

2